**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ANTOINE SEGINES,** ) | **CASE NOS. 1:97 CV 900** |
| ) | **(1:92 CR 0078)** |
| Petitioner, ) | |
| ) | **JUDGE DAN AARON POLSTER** |
| vs. ) | |
| ) | **MEMORANDUM OF OPINION** |
| **UNITED STATES OF AMERICA,** ) | **AND ORDER** |
| ) | |
| Respondent. ) | |

Before the Court is the "Motion Pursuant to the Speedy Trial Act 3161 et. Seq."

("Instant Filing") **(Case No. 1:97 CV 900 ECF No. 3[1])[2]** filed by *pro se* movant Antoine Segines,

---

[1] Case No. 1:97 CV 900 is referred to hereinafter as the "Civil Case." Case No. 1:92 CR 78 is referred to hereinafter as the "Criminal Case." While the Instant Filing is filed pursuant to the Civil Case number only, reference to documents on the Criminal Case docket is also necessary, see fn. 2, *infra*.

[2] The various documents in Segines's cases (both the criminal prosecution and the subsequent motion pursuant to 28 U.S.C. § 2255) are haphazardly docketed. Perhaps pursuant to an April 11, 1997 entry on the Civil Case docket, many of the § 2255 motion documents are filed, inexplicably, on the Criminal Case docket only, including the Magistrate Judge's Report and Recommendation ("R&R"). Conversely, the instant motion is docketed on the Civil Case docket, but not on the Criminal Case docket, while the Memorandum of Opinion and Order adopting the R&R appears on both dockets.

Therefore, to provide accurate citations in this opinion to the greatest extent possible, the Court will cite to both the Civil Case and Criminal Case dockets if a particular document was docketed twice. Similarly, if a particular document – such as the R&R – is only docketed once, albeit incorrectly, the Court will cite the docket that (incorrectly) reflects the document.

the latest of numerous and ongoing efforts to fight his conviction and consequential prison sentence.³ The government originally indicted Segines on March 16, 1992, and his most recent motion – the instant motion – was filed on May 8, 2007, a span of more than fifteen years. For the following reasons, Segines's Instant Filing is **TRANSFERRED** to the Sixth Circuit Court of Appeals.

## I. BACKGROUND

**A. First Trial and Appeal**

On July 10, 1992, a jury found Segines guilty of one count of conspiracy to distribute cocaine and crack cocaine, with the specification that Segines did distribute crack cocaine within 100 feet of a video arcade, one count of aiding and abetting, and two counts of distribution of crack cocaine. (Criminal Case ECF No. 108.) The district court then sentenced Segines to 292 months incarceration, pursuant to the (pre-*Booker*) federal Sentencing Guidelines. *See United States v. Segines*, 17 F.3d 847, 850 (6th Cir. 1994). Segines timely appealed his conviction to the United States Court of Appeals for the Sixth Circuit. (Criminal Case ECF No. 137.) The appeals court, in March of 1994, vacated the judgment of conviction

---

³*See, e.g.*, Criminal Case ECF Nos. 184 (appealing initial criminal judgment, commitment order, and sentence); 274 (appealing second criminal judgment and commitment order); 316 (petition for writ of certiorari); 340 (§ 2255 motion to vacate, set aside, or correct sentence); 342 (motion to adopt co-defendant's § 2255 motion); 347 (motion for production of documents); 348 (motion for appointment of counsel); 349 (motion for evidentiary hearing); 352 (motion for extension of time to file rebuttal to government's motion in opposition to movant's § 2255 motion); 353 (rebuttal to government's response to movant's motion for production of documents); 354 (motion for return of property); 356 (rebuttal to government's response to movant's § 2255 motion); 357 (motion for reconsideration of appointment of counsel); 361 (reply to government's motion in opposition to movant's motion for return of property); 385 (motion for leave to supplement § 2255 motion); 390 (motion to extend time to respond to R&R); 392 (objections to R&R); 395 (amended objections to R&R); 396 (motion to compel production of documents); 401 (motion for bail pending resolution of § 2255 petition); 404 (appealing denial of § 2255 motion); 421 (petition for writ of certiorari); Civil Case ECF No. 1 (motion to reopen sentence and modification of same pursuant to 18 U.S.C. § 3582(c)(2)).

and remanded Segines's case for a new trial. *Id.* at 857. (*See also*, Criminal Case ECF No. 184.)

**B. Second Trial and Appeal**

Following a second jury trial on essentially the same charges, Segines was found guilty of one count of conspiracy to distribute cocaine and crack cocaine, with the specification that Segines did distribute crack cocaine within 100 feet of a video arcade, four counts of distribution of crack cocaine, and one count of aiding and abetting. (Criminal Case ECF No. 227.) The district court judge sentenced Segines to 262 months incarceration on April 21, 1995, pursuant to the federal Sentencing Guidelines. (Criminal Case ECF No. 271.) Following an appeal (Criminal Case ECF No. 274), the Sixth Circuit affirmed Segines's conviction and sentence. *See United States v. Segines*, No. 95-3534, 1996 U.S. App. LEXIS 17683, at *27 (6th Cir. May 28, 1996). (*See also* Criminal Case ECF Nos. 312, 313.) Segines timely sought a writ of certiorari from the United States Supreme Court, which the Court denied in October of 1996. *Segines v. United States*, 519 U.S. 908 (1996). (*See also* Criminal Case ECF No. 319.)

**C. First Motion to Vacate, Set Aside, or Correct Sentence**

After his unsuccessful appeal to the Supreme Court, Segines, on April 11, 1997, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[4] (Criminal

---

[4] Although the words "habeas petition" are commonly used to refer to a § 2255 motion (hence the caption of "Petitioner" in the instant case), the Sixth Circuit recently explained that "where § 2254 and § 2244 speak of habeas corpus applications and claims, § 2255 speaks of motions to vacate, set aside, or correct the sentence," although the differing language "ultimately leads us to the same result." *In re Nailor*, No. 06-6445, — F.3d —, 2007 U.S. App. LEXIS 12503, *8 (6th Cir. May 31, 2007).

Case ECF No. 340/Civil Case ECF docket entry for 4/11/1997[5].) Segines alleged ineffective assistance of counsel on multiple grounds, including that his counsel did not assert and preserve his rights under the Speedy Trial Act despite a lengthy delay between the superceding indictment and the start of trial. *Id.* at Memorandum in Support of Petition, 2-4. The Court denied the motion on December 9, 1998, adopting the Magistrate Judge's report and recommendation in full over Segines's objections.[6] *Segines v. United States*, No. 99-3032, 1999 U.S. App. LEXIS 34022 at *3 (6th Cir. Dec. 17, 1999). (*See also*, Criminal Case ECF No. 399.) Segines appealed the judgment to the Sixth Circuit, which found Segines's claims meritless and affirmed the district court's ruling. *Segines*, No. 99-3032, 1999 U.S. App. LEXIS 34022, at *6.

**D. Motion to Reopen**

On December 14, 2006 Segines filed a document entitled "Motion to Reopen Segines's Sentence and Modification of Same Pursuant to 18 U.S.C. 3582(c)(2)." (Civil Case ECF No. 1.) In his motion, Segines essentially requested relief in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) that the federal Sentencing Guidelines were advisory, not mandatory. (*Id.*) Segines also argued for relief based on the grounds that supervised release is not an authorized sentence, as it constitutes double jeopardy. (*Id.*) The Court denied the motion for lack of jurisdiction, via a marginal order issued the same day. (Civil Case ECF No. 2.)

---

[5]The numbered docket entries on the Civil Case docket start with the December 14, 2006 motion as document number 1, despite the presence of twelve previous entries. The previous entries are denominated solely by the event and listed by filing date in chronological order, starting with the initial filing on April 11, 1997.

[6]While I issued the Order denying Segines's § 2255 motion, I did not preside over either of his criminal trials.

**E. Instant Filing**

Approximately five months later, on May 8, 2007, Segines filed the instant motion, again seeking to "reopen" his case, this time in light of the recent Supreme Court decision in *Zedner v. United States*, 126 S.Ct. 1976 (2006). Segines again alleges that his trial counsel was unconstitutionally ineffective because counsel failed to preserve Segines's rights under the Speedy Trial Act. Although Segines made the same claim in his original § 2255 motion ten years ago, he now argues that *Zedner* entitles him to relief.

## II. LAW AND ANALYSIS

Segines's Instant Filing presents at least two questions. First, how to classify the motion, and second, what procedures apply in light of the conclusion to question one.

**A. Classification of Instant Filing**

How to classify Segines's Instant Filing is the initial question the Court must address. The Court finds that, although Segines has labeled his pleading "Motion Pursuant to the Speedy Trial Act 3161 et. Seq.," Segines's Instant Filing is, in substance, a second or successive § 2255 motion. A second or successive habeas petition or § 2255 motion is a motion that attacks the same conviction that the petitioner or movant attacked in a prior habeas petition or § 2255 motion. *See, e.g.*, *Thomas v. Superintendent/Woodbourne Corr. Facility*, 136 F.3d 227, 229 (2d Cir. 1997) (explaining that the Antiterrorism and Effective Death Penalty Act ("AEDPA") "sets procedures for filing a successive petition or motion, but it does not define 'successive,'" and remanding for the district court to do the proper fact-finding). Segines asks the Court to overturn his 1995 conviction in light of the *Zedner* opinion which, in Segines's view, changes the way courts must treat Speedy Trial Act violations, which, in turn, alters the outcome of the Court's

analysis on his ineffective assistance of counsel claim. Thus, Segines is attacking the constitutionality of the same conviction he attacked in his previous § 2255 motion, making the Instant Filing a second or successive § 2255 motion.

The Court acknowledges that Segines may have intended the Instant Filing to be one requesting relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b). Segines's Instant Filing, however, does not mention Rule 60(b), and the Court concludes that Segines is seeking to reverse his conviction, not to attack the procedures in his initial § 2255 motion's consideration. In *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641 (2005) the Court found that not all Rule 60(b) motions are successive habeas petitions. *Id.* at 532. A Rule 60(b) motion that attacks a defect in the integrity of the federal habeas proceeding is a proper Rule 60(b) motion. Id. A Rule 60(b) motion that attacks the substance of the federal court's resolution of a claim on the merits is a successive petition, however, and not a Rule 60(b) motion. *Id.* Segines does not attack a defect in the § 2255 motion proceeding itself, but argues that his original conviction cannot stand under *Zedner*. (*See* Instant Filing at 4.) Therefore, the Instant Filing is a second or successive § 2255 motion, and not a Rule 60(b) motion.

## B. Appropriate Procedures

Because the Instant Filing is a second or successive § 2255 motion, filed in federal district court, the Court must now determine the appropriate course of action in light of that conclusion. The grounds for considering a second or successive § 2255 motion are narrowly drawn. *See* 28 U.S.C. § 2255, ¶ 8. Whether Segines's Instant Filing satisfies one of the two

possible grounds provided for second or successive § 2255 motions,[7] however, is not for the Court to decide at this juncture.[8] Segines must obtain an order from the Sixth Circuit authorizing this Court to consider the Instant Filing. *See* 28 U.S.C. § 2244(b)(3)(A). Unless and until the Sixth Circuit orders such authorization, the Court may not consider Segines's Instant Filing.

What, then, are the procedures for handling a second or successive § 2255 motion filed in district court without authorization from the court of appeals? The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the circuit court of appeals], the district court shall transfer the document to [the circuit court of appeals] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) (emphasis added).

### III. CONCLUSION

Accordingly, the Court hereby directs the Clerk of Court to **TRANSFER** Segines's Instant Filing **(Civil Case ECF No. 3)** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

For clarity's sake, the Court instructs the Clerk of Court to send copies of the following documents to the Sixth Circuit: 1) Segines's initial § 2255 motion (currently stored with the Civil Case file, housed in the Akron, Ohio federal courthouse archives); 2) The Court's

---

[7] The court of appeals must certify that a second or successive petition must contain:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255, ¶ 8.

[8] Without deciding the issue, the Court notes that Segines makes no argument of newly discovered evidence, nor that the decision in *Zedner* creates a new rule of constitutional law made retroactive.

Memorandum of Opinion and Order adopting the R&R issued December 9, 1998 (same); and 3) Magistrate Judge Gallas's Report and Recommendation dated October 26, 1998 (apparently stored with the <u>Criminal Case</u> file, wherever that may be, Criminal Case ECF No. 386).

  **IT IS SO ORDERED.**

                  <u>*/s/ Dan Aaron Polster  July 12, 2007*</u>
                  **Dan Aaron Polster**
                  **United States District Judge**